IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A. AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-RM2 | § § § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:15-CV-00239-RP |
| CHARLES H. DENNING, JR. and MINDY K. STRINGER a/k/a MINDY K. DENNING, | § § § § § | |
| Defendants. | § | |

## ORDER

Before the court are Defendant's First Amended Motion to Stay, filed July 29, 2015 (Clerk's Dkt. # 34) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, and the case file, the Court issues the following Opinion and Order.

### I.   BACKGROUND

Defendant Charles Denning, Jr. and the original mortgagee, ResMAE Corporation, entered into a loan agreement in 2006. Defendant allegedly defaulted on the loan in January 2013 and has been in material breach ever since. Plaintiff Bank initiated this Action seeking, among other remedies, judicial foreclosure.

In response, Defendant claims the mortgage is void *ab initio* because his wife, Mindy Stringer, did not sign the loan and Texas homesteads may only be mortgaged with the consent of both spouses. Plaintiff retorts that the mortgage is valid because Defendant's wife has consented to the mortgage and, alternatively, that the mortgage is valid because Defendant committed fraud when he signed an affidavit stating that he was unmarried.

The subject of this Motion, however, is apart from the claims of validity, consent, or fraud. Defendant signed the relevant loan agreement in 2006, over six years before the original default and almost nine years prior to making this Motion to Stay. The Fifth Circuit, which has mandatory authority over this Court, has held that there is a four-year statute of limitations on claims such as Defendants'. *See Priester v. JPMorgan Chase Bank, N.A.*, 708 F.3d 667, 672 (5th Cir., 2013). If this Court follows *Priester*, Defendant is ostensibly time barred from raising the nullity defense.

Defendant notes, however, that the Texas Supreme Court is poised to address that statute of limitations in *Wood v. HSBC Bank, N.A*, and has filed a motion to stay pending the outcome of *Wood.* Alternatively, Defendant claims that an ongoing state-court proceeding over the same property, filed before the present Action, strips this Court of jurisdiction or minimally counsels a stay pending the resolution of the state court proceedings. The parties have filed responsive pleadings and the matters are ripe for determination.

## II.   ANALYSIS

### A.   *Wood v. HSBC Bank*

Lawyers on both sides of *Wood v. HSBC Bank, N.A.* are briefing the Texas Supreme Court as to whether a four-year residual limitations period prevents suit on home equity loans that would otherwise be void by the Texas Constitution.

Defendant argues that this Court should stay proceedings pending the resolution of *Wood.* He makes a number of related points in support of this claim which reduce to an equitable analysis: a stay serves judicial economy, benefits Defendant, and does not harm Plaintiff.

Ultimately, however, the Plaintiff makes the more compelling case. While, as Defendant cites, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 255. Defendant

asks that Plaintiff stand aside and wait – for a period yet indefinite – while litigants in an unrelated case settle a pertinent rule of law.

The timeline for a decision in *Wood* is speculative, and the outcome is speculative as well. Though Defendant is quick to point out that the Texas Supreme Court reversed more decisions than it affirmed in 2013, Def.'s First Am. Mot. Stay, filed July 29, 2015 (Clerk's Dkt. 34), at 3, it is not clear why that probability is persuasive in this case. This Court would not be crafting a statute of limitations from whole cloth. *Priester* is binding on this Court, and intermediate Texas courts have followed its logic in cases analogous to the present Action. *See Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 397 (Tex. App. – Dallas 2013, pet. denied); *Santiago v. Novastar Mortg., Inc.*, 443 S.W.3d 462, 470 (Tex. App. – Dallas 2014, pet. denied); *In re Estate of Hardesty*, 449 S.W.3d 895 (Tex. App. – Texarkana 2014, no pet.); *Wood v. HSBC Bank USA, N.A.*, 439 S.W.3d 585 (Tex. App. – Houston 2014, pet. filed). The strong precedential foundation for a decision in this matter mitigates the cost to judicial economy or the threat to comity.

More important to this Motion than the speculative chronology and outcome of the *Wood* decision is the fact that *Wood* has only limited importance to the present action. To be sure, *Wood* settles a potential issue in this case – if there is a four-year statute of limitations on claims such as defendants', defendants ostensibly lose their ability to challenge the mortgage as unconstitutional. But the converse is not true. If the Texas Supreme Court were to determine not only that there is no four-year limitation on defenses such as Defendants', but that there is no limitation on such defenses *at all*, it would nonetheless leave unresolved other important issues in this case – for instance, whether Defendant behaved fraudulently when he attested to being single at the time of the signing. The findings in *Wood*, therefore, neither begin the discussion nor end it.

Accordingly, Defendants' motion to stay should be dismissed insofar as it requests a stay based on a potential Texas Supreme Court decision in *Wood v. HSBC Bank USA, N.A.*.

B.  Ongoing State Court Proceedings

Defendant next claims that this Action should be dismissed, or minimally stayed, in light of ongoing state court proceedings regarding the same property. Though Plaintiff nonsuited Defendant – the only respondent in that case – prior to filing in this Court, and though state court records reflect that the matter is completely closed, Defendant maintains that proceeding in this Court would be an affront to the "comity between courts," Def.'s First Am. Mot. Stay, filed July 29, 2015 (Clerk's Dkt. 34), at 8.

The Court finds Defendant's claim unavailing. Plaintiff intended to close the state-court case; the state court understood as much and closed the state-court case. There is no ongoing state-court proceeding, and as such no reason to stay the Action in federal court.

Accordingly, Defendant's First Amended Motion to Stay should be dismissed insofar as it pertains to claims of an ongoing state-court proceeding.

### III.   Conclusion

For the reasons stated herein,

**IT IS ORDERED** that Defendant's First Amended Motion to Stay (Clerk's Dkt. 34) is **DISMISSED.**

SIGNED on September 8, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE