IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A. AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-RM2<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHARLES H. DENNING, JR. and MINDY K. STRINGER a/k/a MINDY K. DENNING,<br><br>Defendants. | §§§§§§§§§§§§§§§ | 1:15-CV-00239-RP |

## ORDER

Before the Court are Defendant's Second Amended Motion to Dismiss under Rules 12(b)(1) and 12(b)(6), filed July 29, 2015 (Clerk's Dkt. #32) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

On February 17, 2006, Charles H. Denning Jr. and ResMAE Mortgage Corporation entered into a loan agreement creating a debt subsequently acquired by U.S. Bank National Association. Defendant allegedly defaulted on the loan in January 2013 and has been in material breach ever since. Plaintiff Bank initiated this Action seeking, among other remedies, judicial foreclosure.

In response, Defendant claims the mortgage is void *ab initio* because his wife, Mindy Stringer, did not sign the loan and Texas homesteads may be mortgaged only with the consent of

1

both spouses. Plaintiff retorts that the mortgage is valid because Defendant's wife has consented to the mortgage and, alternatively, that the mortgage is valid because Defendant committed fraud when he signed an affidavit stating that he was unmarried.

Defendant moves to dismiss on two grounds. First, Defendant claims that suit is not permitted under Federal Rule of Civil Procedure 12(b)(1) because the property Plaintiff seeks to foreclose upon is the subject of a civil action in state court, *see* Def.'s Second Am. Mot. Dismiss (Clerk's Dkt. 32), at 4; Second, that suit is not permitted under Rule 12(b)(6) because the subject loan agreement is void. The Court addresses each basis in turn.

## II. RULE 12(b)(1)

Defendant alleges this Court does not have subject matter jurisdiction over this Case because of the "prior exclusive jurisdiction doctrine." Mot. (Dkt. 32), at 4. According to the Defendant, there is an ongoing procedure in state court initiated prior to this Action in federal court that "displaces this Court's jurisdiction." *Id.* at 5.

The problem with this argument is that there is no ongoing procedure in state court. As Defendant readily admits, Plaintiff nonsuited Defendant in that case. *Id.* at 5. Defendant was the only Respondent. Plaintiff intended that nonsuit to close the case, and the Travis County District Court considered the nonsuit to do so. Accordingly, Travis County records reflect the state court proceeding as having been closed. *See* Pl.'s Resp. Def.'s Second Mot. Dismiss (Clerk's Dkt. 38), Ex. C (Travis County District Court Public Records).

As such, the factual foundation of Defendant's first basis to dismiss is inaccurate. Defendant's Second Amended Motion to Dismiss by Federal Rule of Civil Procedure 12(b)(1) is DISMISSED.

## III. RULE 12(b)(6)

Defendant next alleges that Plaintiff's claims are "forever barred" because both Charles Denning and Mindy Stringer, Defendants here, did not sign the deed of trust. Article 16 of the Texas Constitution protects a homestead from forced sale unless it is "secured by a voluntary lien on the homestead created under a written agreement with the consent of *each owner and each owner's spouse*." TEX. CONST. art. 16, sec. 50(a)(6)(A) (emphasis added). Defendant alleges that he was married to Mindy Stringer at the time of the signing, and that Ms. Stringer did not sign the loan agreement creating a lien on the homestead. Accordingly, Defendant argues that the homestead is protected from forced sale.

Defendant further argues that the Texas Constitution allows the mortgagee to cure the defect within 60 days of "notice of noncompliance," Motion (Dkt. 32), at 8, and that Plaintiff failed to cure upon receipt of notice. As a result, Defendant alleges Plaintiff is forever barred from raising claims under the subject agreement.

### A. Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

### B. Analysis

Defendants have moved to dismiss Plaintiff's complaint for failure to state a valid claim. In so doing, they assert Plaintiff has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. However, a review of their motion makes clear that the focus of the arguments raised by Defendants is not the factual insufficiencies of Plaintiff's pleadings, but rather, their contention that they have provided facts and evidence that show Plaintiff's Complaint does not state a claim upon which relief can be granted.

Defendants are correct insofar as, in determining a motion to dismiss, courts must consider the complaint as well as "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007). Thus, for example, the Court could properly consider the Note and Security Instrument, Plaintiff's Exhibits A and B, in reviewing Defendants' motion.

But Defendants have not limited themselves to those documents. Rather, in their motion they provide copies of, and ask the Court to consider, an array of other documents. For example, Defendants attach a Travis County Marriage Record, Motion (Dkt. 32), Ex. 1; and the Response of Defendants in the non-judicial foreclosure application, *id.*, Ex. 2. Simply put, Defendants have ventured far outside the pleadings to provide a factual foundation for their motion to dismiss.

While the Court could, as Plaintiff requests in the alternative, convert the motion to a motion for summary judgment, Pl.'s Response (Dkt. 38), at 2 – 3, this case is still in its early stages, and the parties have not had sufficient time to engage in discovery. *See General Retail Servs., Inc. v. Wireless Toyz Franchise*, LLC, 255 F. App'x 775, 783 (5th Cir. 2007) (district

court has discretion when presented "matters outside the pleading" with motion to dismiss under Rule 12(b)(6) to convert motion to motion for summary judgment). Accordingly, the Court declines to convert the motion to one for summary judgment.

Additionally, as Plaintiff's Response to the Motion argues, Defendants' defenses begin an inquiry into the validity of the mortgage agreement, but do not necessarily end that inquiry. *See* Response (Dkt. 38) at 4 – 5 (statute of limitations), 6 – 7 (fraud), 8 – 9 (consent). As Defendants have not shown they are entitled to dismissal of Plaintiff's claims for failure to state a claim, their motion to dismiss is properly denied.

## I.   CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that Defendant's Second Amended Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) is **DENIED**.

Signed September 10, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE